UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHNNY TAYLOR,

        Petitioner,             Case No. 1:17-cv-855

v.                                      Honorable Robert J. Jonker

S.L. BURT,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

On December 26, 2013, a stocky male in a green jacket confronted clerk Joel Thomas at a Jackson, Michigan, Admiral Gas Station.[1] The man punched Thomas, forced him at gunpoint to yield the contents of the register, and then left the scene. Moments later, Jackson City Police arrived. They followed the robber's footprints in the snow to a home at 1303 Williams Street.

When police officers knocked on the front door of the residence they were greeted by Heather Banks. She informed the officers that she and her children resided at the home, and that a few minutes earlier a man she knew as "Johnny"—Petitioner—had knocked on the door. She had let Johnny in and, when she told him that the police were outside, Johnny went to hide in a back bedroom.

Petitioner refused to exit the bedroom so the officers deployed K-9 Officer Nero. Nero found Petitioner underneath some clothes in the bedroom closet and locked on to Petitioner's forearm. Petitioner then left the closet and was taken into custody. The police officers testified that Petitioner was fully-clothed when he was apprehended and that he was wearing a green jacket. Officers then searched the bedroom. They found a black BB pistol, $342.00 (including a $2.00 tracer bill from the gas station), and a pair of glasses. After his arrest, Petitioner noted that he needed, but did not have, his reading glasses.

---

[1] The factual summary is taken from Petitioner's brief (Attach. 1, ECF No. 1-1, PageID. 35-36), except with respect to the clothing Petitioner was wearing when he was apprehended. That is taken from the Michigan Court of Appeals opinion. (Mich. Ct. App. Op., ECF No. 1-7, PageID.163.)

Petitioner was charged with armed robbery, MICH. COMP. LAWS § 750.529. On May 14, 2014, he was tried before a Jackson County Circuit Court jury. Joel Thomas was not able to identify Petitioner as the robber, because the robber had concealed his face with the jacket. Nonetheless, the jury found Petitioner guilty after forty minutes of deliberation. Petitioner was sentenced as a habitual offender-fourth offense, MICH. COMP. LAWS § 769.12, to a term of imprisonment of 20 to 50 years.

Petitioner, with the assistance of counsel, directly appealed his conviction to the Michigan Court of Appeals raising one issue: ineffective assistance of trial counsel. (Pet'r's Appeal Br., ECF No. 1-5.) Petitioner's appellate counsel filed a motion to remand for an evidentiary hearing regarding counsel's ineffective assistance. (Pet'r's Mot. to Remand, ECF No. 1-2.) The court of appeals denied that relief because "Defendant-appellant has not demonstrated that further factual development of the record or an initial ruling by the trial court is necessary at this time in order for this Court to review the issues on appeal." *People v. Taylor*, No. 322629 (Mich. Ct. App. May 29, 2015). Petitioner filed a Standard 4 brief[2] raising additional instances of ineffective assistance of trial counsel. (Pet'r's Std. 4 Br., ECF No. 1-6.) The Michigan Court of Appeals affirmed Plaintiff's conviction in an unpublished opinion issued November 11, 2015. (Mich. Ct. App. Op., ECF No. 1-7.)

Petitioner then filed a *pro per* application for leave to appeal in the Michigan Supreme Court raising the ineffective assistance of trial counsel issue he had raised in the intermediate appellate court and a new issue: ineffective assistance of appellate counsel. (Pet'r's

---

[2] Standard 4 permits an appellant to file a brief *in propria persona* covering issues the appellant wants to raise on appeal even though his counsel does not. Mich. Admin. Order No. 2004-6.

Appl. for Leave to Appeal, ECF No. 1-7, PageID.173-196.) Specifically, Petitioner argued that his appellate counsel rendered constitutionally ineffective assistance when she filed his motion to remand late. The Supreme Court denied Petitioner's application by order entered June 28, 2016. (Mich. Ord., ECF No. 1-8, PageID.237.)

Petitioner did not file a petition for certiorari in the United States Supreme Court. Instead, he waited almost a year and then filed his habeas corpus petition in this Court. The habeas petition raises two issues: ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The instances of trial counsel's ineffectiveness raised by Petitioner here are the same instances he raised in the Michigan appellate courts. However, Petitioner has added several new instances of ineffective assistance by his appellate counsel, instances that he never raised in the Michigan appellate courts.[3]

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v.*

---

[3] The issue of ineffective assistance of appellate counsel as raised in the Michigan Supreme Court was limited to Petitioner's claim that appellate counsel filed the motion to remand for an evidentiary hearing too late. In his habeas corpus petition, however, Petitioner claims that his appellate counsel was also ineffective because she failed to assess Petitioner's injuries during a prison visit, failed to promptly send the entire file to Petitioner, drew up a supporting affidavit incorrectly, failed to raise a claim that trial counsel was ineffective for failing to raise the issue of prosecutorial misconduct, and failed to obtain DNA testing of a coat that was introduced as an exhibit at trial.

*Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). There is no question that Petitioner has exhausted his first habeas issue regarding ineffective assistance of trial counsel by raising it at both levels of Michigan's established appellate review process. The same is not true, however, with respect to Petitioner's claim that his appellate counsel rendered constitutionally ineffective assistance. With respect to Petitioner's claim that appellate counsel was ineffective for filing the motion to remand too late, that claim was raised for the first time in Petitioner's pro per application for leave to appeal to the Michigan Supreme Court. (Pet., ECF No. 1, PageID.20) ("Defendant raised this new issue for the first time in the Supreme Court . . . ."). Petitioner's other claims of ineffective assistance by his appellate counsel were never raised in the Michigan appellate courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issue he has

5

presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Jackson County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has one claim that is exhausted and one that is not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer,* the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 28, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 28, 2016. Accordingly, absent tolling, Petitioner had until September 28, 2017, in which to file his habeas petition. Petitioner filed the instant petition on September 22, 2017, 6 days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result,

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated:    October 26, 2017         /s/ Robert J. Jonker      
                                                        Robert J. Jonker
                                                        Chief United States District Judge