(Rev. 11/2012)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**FILED - GR**
October 16, 2019 1:01 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _mkc_   SCANNED BY: T B /

| United States District Court | District   Western |
|---|---|
| Name (under which you were convicted):   Johnny Taylor | Docket or Case No.:   1:17-cv-855 |
| Place of Confinement:   Gus Harrison Corr. Fac. | Prisoner No.:   195621 |
| Name of Petitioner (include name under which convicted)   Johnny Taylor                    v. | Name of Respondent (authorized person having custody)   S.L. Burt |

The Attorney General of the State of:    Michigan

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Fourth Judicial Circuit Court for the County of Jackson.
    ~~XXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
    ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

    (b) Criminal docket or case number: _____13-003884-FC_____

2.  Date of judgment of conviction: _____May 14, 2014_____

3.  Identify all counts and crimes for which you were convicted and sentenced in this case: ___Armed Robbery,___
    MCL 750.529, Fourth Felony Offender, MCL 769.12.

    _____

    _____

    _____

4.  Length of sentence for each count or crime for which you were convicted in this case: ___20 to 50 years.___

    _for the armed robbery._____

    _____

5.  (a) What was your plea?
    Not guilty   **XX**        □
    Guilty                 ☒
    Nolo contendere (no contest)  □

- 1 -

(b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:

_____ NA _____

_____

_____

_____

6. If you went to trial, what kind of trial did you have? (Check one)
   (a) Jury ⊠
   (b) Judge only ☐

7. Did you testify at the trial? Yes ☐ No ⊠

8. Did you file a direct appeal to the Michigan Court of Appeals from the judgment of conviction? Yes ⊠ No ☐

9. If you did appeal, answer the following:

   (a) Date you filed: __December 12, 2014_____

   (b) Docket or case number: ___322629_____

   (c) Result: ___Denied_____

   (d) Date of result: __November 17, 2015_____

   (e) Grounds raised: ___Ineffective Assistance of Defense Counsel for Failing

   _to Investigate, Call Supporting Witnesses and Failed to Cross_

   _Examine Primary Witness.   Also, Ineffective Assistance of_

   _Defense Counsel Failure to Seek Ginther Hearing and Deprived Him_
   of the Necessary Record Support for his claim of IAC.
   **Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

   (g) Did you seek further review of the decision on appeal by the Michigan Supreme Court? Yes ⊠ No ☐

      If yes, answer the following:

      (1) Date you filed: __unknown_.

      (2) Docket or case number: __153010__

      (3) Result: _____denied_____

      (4) Date of result: _____June 28, 2016_____

- 2 -

(5) Grounds raised: __Ineffective Assistance of both Defense and__

__Appellate Counsel.__

_____

_____

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐  No ☒

If yes, answer the following:

(1) Date you filed: _____

(2) Docket or case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Grounds raised: _____

_____

_____

_____

10. Did you file a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules with respect to the judgment of conviction and sentence? Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Date you filed: __Thereabout November 20, 2017__

(2) Name of court: __Third__ __Circuit Court for the County of Jackson__

(3) Docket or case number: __13-003884-FC__

(4) Grounds raised: __11 contentions of Ineffective Assistance of__

__Appellate Counsel, inter alia, Trial Counsel's failure to seek__

__DNA Testing; Trial Counsel's Failure to Impeach Witnesses;__

__Insufficiency of Evidence; not Raising Brady Violation; Lack of__

__Discovery at Trial; Failure to Object to State not Admitting Evidence__
(5) Did you receive a hearing where evidence was given on your motion? Yes ☐  No ☒

(6) Result: _____

(6) Date of result: _____

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) If you sought further review of the decision in the Michigan Court of Appeals, please answer the following:

    (1) Date you filed: __unknown__

    (2) Docket or case number: __344898__

    (3) Result: __denied__

    (4) Date of result: __October 17, 2018__

    (5) Grounds raised: __Ineffective Assistance of Counsel - Appellate__ __Counsel's Failure to Show How Trial Counsel Failed to Assert__ __DNA Testing to Prove His Innocence and, Ineffectiveness for__ __Defense Counsel's Failure to Call Three Favorable and Known__ __Witnesses.__

Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

(c) If you sought further review of the decision in the Michigan Supreme Court, please answer the following:

    (1) Date you filed: __unknown__

    (2) Docket or case number: __158810__

    (3) Result: __denied__

    (4) Date of result: __July 29, 2019__

    (5) Grounds raised: ____IAC - Trial Counsel's Failure to Seek DNA Testing__ __to Prove His Innocence; and Counsel's Failure to Call Three__ __Known and Favorable Witnesses.__

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

12. Other than a direct appeal or a m otion for relief from judgment, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ☑ No ☐

13. If your answer to 12 was "yes," give the following information: **[Attach additional sheets of paper, if necessary, to answer the following for each petition, application, or motion you filed.]**

  (a) (1) Date you filed: __November 16, 2017__

    (2) Name of court: __U.S. District Court, Western District of Michigan__

    (2) Docket or case number: __1:17-cv-855__

    (3) Nature of the proceeding: __Motion for Stay and abeyance__

(4) Grounds raised: **Return to Trial Court to Exhaust unexhausted State Allegations of Ineffective Assistance of Counsel.**

(5) Did you receive a hearing where evidence was given on your motion? Yes □ No ☒

(6) Result: **Granted**

(7) Date of result: **December 5, 2017**

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) Did you appeal to the highest court having jurisdiction the result of action taken on any petition, application or motion? Yes □ No ☒

If yes, please provide the following:

(1) Date you filed: _____

(2) Name of court: _____

(3) Result: _____

(4) Date of result and case number: _____

(5) Grounds raised: _____

**Please submit, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**The U.S. District granted an Order to Stay allowing Petitioner to Return to the State Court and Exhaust Unexhausted Claims.**

14. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** PETITIONER WAS CONSTRUCTIVELY DENIED COUNSEL AT THE CRITICAL PRETRIAL PREPARATION STAGE OF THE PROCEEDING WHEN HE ENTIRELY FAILED TO CONSULT WITH PETITIONER PRIOR TO THE START OF TRIAL.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): _____

In the instant case, a constructive denial of counsel occurred.  This is true, and the record evidence supports this claim.  The Sentencing Transcript of June 19, 2014, p. 10, says it all.  Without a single word in dispute, Defense Counsel, Alfred P. Brandt, heard his client say the following: "Out of five months he (Counsel Brandt) came to over one time, which was the day before trial."  (See, ST, 6/19/14, p. 10).

See, attached additional pages.

(b) **Direct Appeal of Ground One:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue? Yes☒No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why: __Ineffective Assistance of Appellate Counsel, failed to raise the Sixth Amendment claim.

    ~~Claim was raised in Standard IV Supplemental Brief.~~

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☒ No ☒

    (2)  If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: __unknown__

Name and location of the court where the motion was filed: __4th Judicial Circuit Court for County of Jackson.  Jackson, Michigan.   **Michigan Court of Appeals**

Docket or case number: __2013-3884-FC      322629__

Result (attach a copy of the court's opinion and order, if available): __denied__

Date of result:__11/17/15__

    (3)  Did you receive a hearing on your motion?  Yes □  No ☒

    (4)  Did you appeal from the denial of your motion? Yes ☒  No □

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☒ No □

If yes, answer the following:

Date you filed: ___~~JUNE 28, 2016~~  unknown___

Name and location of court: ___Michigan Supreme Court___

Docket or case number: ___153010___

Result (attach a copy of the court's opinion and order, if available) : ___~~denied~~___

Date of result: ___June 28, 2016___

(d) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: ___

(e) If you did not exhaust your state remedies on Ground One, explain why: ___

GROUND TWO: ___Appellate Counsel Rendered Deficient Performance Which Prejudiced Petitioner When Trial Counsel Failed to Move for DNA Testing of the Green Jacket In Violation of the Sixth Amendment.___
(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): ___

___~~Petitioner contends that had court-appointed counsel moved the~~___

___court for DNA testing of the greencoat it would have established___

___that his blood was not on the coat given the dog bites, because___

___the coat did not fit him and the police officer's own testimony___

___demonstrates that petitioner's own coat had no bite marks.___

___If DNA testing had been established, there is a reasonable___
___likelihood that the jury would have reasonable doubts of his guilt.___

(b) **Direct Appeal of Ground Two**:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ___

(c) **Post-Conviction Proceedings**:

   (1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☐ No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Date motion was filed: _____

   Name and location of the court where the motion was filed: _____

   _____

   Docket or case number: _____

   Result (attach a copy of the court's opinion and order, if available): _____

   _____

   Date of result: _____

   (3) Did you receive a hearing on your motion? Yes ☐ No ☐

   (4) Did you appeal from the denial of your motion? Yes ☐ No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

   If yes, answer the following:

   Date you filed: _____

   Name and location of court: _____

   Docket or case number: _____

   Result (attach a copy of the court's opinion and order, if available) : _____

   _____

   Date of result: _____

(d) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

   _____

   _____

(e) If you did not exhaust your state remedies on Ground Two, explain why: _____

   _____

   _____

   _____

**GROUND THREE**: **Appellate and Defense Counsel Ineffectiveness for Failing to Impeach the Arresting Officer, Galbreath, as to Whether He Actually Removed the Green Jacket of Petitioner in Police Custody.**

(a) Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim): _____

**As to issue III, the state court's application of clearly established federal law was objectively unreasonable.  Petitioner alleges that trial counsel was ineffective for not impeaching the prosecution's key witness that earlier testified favorably to the defense about a different colored jacket he removed off Petitioner while in police custody.  An unreasonable application of federal law is different from an incorrect application of federal law.  Habeas relief should issue here.**

(b) **Direct Appeal of Ground Three**:

    (1)  If you appealed from the judgment of conviction, did you raise this issue?  Yes ☒  No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

(c) **Post-Conviction Proceedings**:

    (1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?  Yes ☐  No ☐

    (2)  If your answer to Question (d)(1) is "Yes," state:

    Date motion was filed: _____

    Name and location of the court where the motion was filed: _____

    _____

    Docket or case number: _____

    Result (attach a copy of the court's opinion and order, if available): _____

    _____

    Date of result: _____

    (3)  Did you receive a hearing on your motion?  Yes ☐  No ☐

    (4)  Did you appeal from the denial of your motion?  Yes ☐  No ☐

    (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  Yes ☐  No ☐

If yes, answer the following:

Date you filed: _____

Name and location of court: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

(d) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

(e) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

GROUND FOUR: **Appellate Counsel was Ineffective For Not Rasing on Direct Direct Appeal, the Prosecutor Knowing Used False Evidence to Obtain a Tainted Conviction and Failed to Correct the False Impression of Facts Left with the Court and Jury.**
(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim): **Here, the arresting officer Galbreath committed perjury and the prosecutor knowingly allowed the false impression of facts to go uncorrected before the court and jury. The prosecutor's constitutional duty to report to the court whenever government witnesses lie under oath is not vitiated when defense counsel is or should be aware that the testimony is false and does nothing. The prosecutor has an independent duty to correct the false evidence when the false testimony appears.**
(b) **Direct Appeal of Ground Four**:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **Ineffective Assistance of Appellate Counsel.**

_____

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Date motion was filed: **November 27, 2017**

Name and location of the court where the motion was filed: **Jackson County Circuit Court Jackson, MI.**

Docket or case number: **13-003884-FC**

Result (attach a copy of the court's opinion and order, if available): _____

Date of result: **February 22, 2018**

(3) Did you receive a hearing on your motion? Yes ☐ No ☒

(4) Did you appeal from the denial of your motion? Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: **unknown**

Name and location of court: **Michigan Court of Appeals**

Docket or case number: **344898**

Result (attach a copy of the court's opinion and order, if available) : _____

Date of result: **Octobe r 17, 2018**

(d) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **sought leave to appeal before the Michigan Supreme Court which denied relief.**

(e) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

15. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☐

If "Yes,"state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the resultfor each petition, application, or motion filed. Attach a copy of any court opinion or order, if available:    **GROUND FIVE**

<u>Appellate Counsel Failed to Raise Trial Counsel's Failure to Subpoena</u>
<u>Mr. Taylor's Medical Records and Call Medical Personnel to Establish</u>
<u>Defendant's Total Disability to not Being Able to Run or Phyiscally</u>
<u>Run From the Scene of the Robbery as Alleged By the Prosecutor.</u>
<u>See, attachments for further facts.</u>

16. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging? Yes ☐ No ☐

If "Yes," state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:    ·

_____

_____

_____

_____

_____

17. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

_____

(b)  At arraignment and plea: _____

_____

(c)  At trial: _____

_____

(d)  At sentencing: _____

_____

(e)  On appeal: _____

_____

- 12 -

**GROUND FIVE,** Continuation.

Counsel has a Sixth Amendment constitutional duty to undertake a reasonable investigation into his client's case and background before making strategic legal decisions to give up a defense.  The failure to investigate and present available evidence about Defendant Taylor's medical condition, which demonstrates that in 2013, as a result of being shot in the femeral artery, requiring three major surgeries and just missed amputation of his leg, Defendant was diagnosed with "restless leg syndrome," making it impossible for him to run again and forcing him to walk with a canepermanently, which he was doing at the time of his arrest, is particularly egregious in this case. The defense in this case was primarily mistaken identity; and given all the evidence, it seems doubtful that Defendant Taylor was the perpetrator.

Petitioner Taylor suffers from restless leg syndrome, a condition affecting people after they have recovered from being shot in the leg. The condition results in fatigue and total muscle weakness, both in the parts of the body affected by the restless leg syndrome and sometimes in other muscle groups as well.  As a result of this condition, Mr. Taylor is required to walk permanently with a cane, which he was using when arrested.  His condition is described as not resulting in a limp, but a "paralytic abnormal gait."  In other words, completely unable to run.

Petitioner Taylor argues that he was denied effective assistance of counsel because trial counsel failed adequately to investigate the medical facts about reless leg syndrome and its effect on Taylor's

physical abilities.  Taylor's attorney did not investigate because
as shown in Ground One, he never appeared after five months of the
pretrial preparation period until the day before trial was to start.

Indeed, counsel failed to obtain an opinion from any medical
professional before trial on whether Taylor was able to perform the
physical act necessary to run and escape committing an armed robbery.
Nor was there any medical proof about how Taylor was able to run
away from the scene in the matter described by the victim.  Without
this knowledge, or at least an opinion, counsel could not make a
competent strategic decision on whether the information would have
been helpful. Wores of all, there is no attempt by counsel to explain
the disability condition or its effect on Taylor before the jury in
the record.  Had counsel talked to a medical professional he would
have discovered that it would have been difficult, if not utterly
impossible, for Taylor to commit the crime as described in the
testimony.

Habeas relief should be issued on this issue.

2

(f)  In any post-conviction proceeding: _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?
Yes □  No □

(a)  If so, give the name and location of court which imposed the sentence to be served in the future: _____

_____

(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the above sentence: _____

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?
Yes □  No □

19. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the
one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

- 13 -

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation ofthe Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was itially recognized bythe Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the cla im or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.


Therefore, petitioner asks that the Court grant him or her the relief to which he may be entitled in this proceeding.


I declare under penalty of perjury that the foregoing is truend correct and that this Petitionfor Writ of Habeas Corpus wasplaced

in the prison mailing system on ___**October 7, 2019**_____ (month, date, year).


_____                    **October 7 , 2019**
Signature of Petitioner                      Date


_____
Signature of Attorney (if any)


If the person signing is not petitioneror an attorney, state relationship to petitioner and explain why petitioner is not signing this

petition. _____

_____

_____

_____

MR. JOHNNY Taylor #195621
Gus Harrison Correction Facility
2727 E. Beecher DR
Advian, Mich
           49221



U.S. POSTAGE PITNEY BOWES
ZIP 49221
02 4W
0000355312 OCT 08 2019
$ 001.75

OFFICE OF The Clerk District Court
Western District of Michigan
399 Federal Bldg N.W.
110 Michigan NW,
Grand Rapids, MICH 49503